IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:10-CV-00426-FDW-DSC

| | |
|---|---|
| JOHNNIE VERNELL FETHERSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| TIME WARNER CABLE, ) | NOTICE |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court *sua sponte* following the filing of Defendant's Motion to Dismiss (Docs. Nos. 5 and 6) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, wherein Defendants have moved the Court to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted due to failure to exhaust administrative remedies.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, that she carries the burden in showing that subject matter jurisdiction exists. In Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765 (4th Cir. 1991), the Fourth Circuit recognized:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds

that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768-69.

Additionally, Plaintiff is reminded that in order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Plaintiff is advised that she has until **Wednesday, November 3, 2010**, to file her response to Defendant's motion in light of the above standards. Plaintiff's response must be served on the Defendant and must include a certificate of service indicating the manner in which Plaintiff served Defendant. Plaintiff's failure to respond may result in Defendant being granted the relief it seeks, which is dismissal of Plaintiff's complaint.

The Clerk is directed to send a copy of this Notice to Plaintiff at 1819-E Griers Grove Road, Charlotte, North Carolina 28216, which is Plaintiff's address of record.

IT IS SO ORDERED.

Signed: October 6, 2010

Frank D. Whitney
United States District Judge