# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:10-CV-00426-FDW-DSC

| | |
|---|---|
| JOHNNIE VERNELL FETHERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| TIME WARNER CABLE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court upon Defendant Time Warner Cable's Motion to Dismiss. (Doc. No. 5). This Court issued a notice to *pro se* Plaintiff on October 6, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of her burden in responding to Defendant's Motion. (Doc. No. 7). Plaintiff was given until November 3, 2010, to file her response to Defendant's Motion. The Court also warned that, "Plaintiff's failure to respond may result in Defendant being granted the relief it seeks, which is dismissal of Plaintiff's complaint." (Doc. No. 8 at 2).

Three months later, on January 12, 2011, the Court's notice was returned as undeliverable and unable to be forwarded though it was sent to Plaintiff's address of record, which was the same address Plaintiff listed in her complaint. (Doc. No. 2 at 1). To date, Plaintiff has failed to respond and has entered no other pleadings in her case. Also, Plaintiff has not attempted to contact the Court and has failed to keep her address of record current with the Court.

"[A] district court possesses the 'inherent power' to dismiss a case *sua sponte* for failure to prosecute. . . . [S]uch authority derives from 'the control necessarily vested in courts to

manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Eriline Co., S.A. v. Johnson, 440 F.3d 648, 654 (4th Cir. 2006) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).

ACCORDINGLY, IT IS, THEREFORE, ORDERED that Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with orders of the Court.

The Clerk is directed to term any pending motions and CLOSE the case.

Though the Court is aware that Plaintiff's address is apparently not current, the Clerk is directed to mail a copy of this Order to *pro se* Plaintiff at her address of record in case a forwarding address has now been submitted.

IT IS SO ORDERED.

Signed: January 25, 2011

Frank D. Whitney
United States District Judge